UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CLOUD,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Respondent. | Case No. 16-cv-06100-JSC<br><br>**ORDER DIRECTING PETITIONER TO: (1) CONSENT TO CONVERTING HIS PETITION TO A CIVIL RIGHTS COMPLAINT, (2) WITHDRAW PETITION, OR (3) AMEND PETITION** |

Petitioner, a prisoner at the California Correction Center ("CCC") in Susanville, California, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the conditions of his confinement at the CCC.[1]  For the reasons discussed below, Petitioner is ordered either to consent to converting the petition to a civil rights complaint under 42 U.S.C. § 1983, to withdraw the petition, or to amend it so that it states a cognizable claim for federal habeas relief.

Petitioner claims that prison officials have failed to provide adequate medical care for his foot.  "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  *Hill v. McDonough*, 547

---

[1] Petitioner consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 5.)

U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

A Section 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc). A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). A district court must advise the prisoner of the consequences of construing a habeas petition as a civil rights claim and provide an opportunity to withdraw or amend the petition. *Nettles*, 830 F.3d at 936.

As Petitioner asserts claims challenging the conditions of his confinement, and success on such claims would not result in speedier release from confinement, his claims do not fall within the "core of habeas corpus" within the meaning of *Nettles*. Accordingly, his claims must be brought in a civil rights complaint under Section 1983, not in a petition for a writ of habeas corpus. Before construing the petition as a civil rights complaint, Petitioner is warned of the following important consequences of proceeding with this case as a civil rights action under Section 1983 instead of as a federal habeas petition:

(1) 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury;"

(2) 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under [] Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted;"

//
//

1  (3) if Petitioner is granted leave to proceed in forma pauperis, he will still be required to
2  pay the full amount of the filing fee of $350.00 by way of an "installment plan" that operates as
3  follows: (1) first, the court will assess and collect a partial filing fee from the prisoner;[2] (2) after
4  payment of the initial partial filing fee, the prisoner will be required to make monthly payments of
5  20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(1);

6  (4) the proper defendant in a civil rights action is not simply the prison official with
7  custody over Petitioner (as in a federal habeas petition), but rather is any and all prison officials
8  whose actions or omissions caused the violation of Petitioner's federal rights .

9  Petitioner is further cautioned that if he proceeds with this action as a civil rights action,
10 the case will be transferred to the United States District Court for the Eastern District of California
11 because Petitioner, the prison officials who would be the proper defendants, and the events giving
12 rise to Petitioner's claim are all at CCC, which lies within the venue of the Eastern District.

13 Accordingly, and pursuant to *Nettles*, Petitioner now has three choices:

14 (1) Petitioner may file a notice that he is withdrawing the instant petition.  If he chooses
15 this option, the petition will be dismissed without prejudice to his filing his claims in a civil rights
16 complaint in new action.

17 (2) Petitioner may file an amended petition for a writ of habeas corpus in which he asserts
18 claims challenging his conviction or sentence.  The amendment must be on the Court's form for
19 prisoner Section 2254 petitions and must include the caption and civil case number (No. C 16-
20 6100 JSC (PR)) used in this order and the words AMENDED PETITION on the first page.

21 (3) Petitioner may file a notice that he wishes to have the instant petition construed as a
22 civil rights complaint under Section 1983.  Prior to the electing this option, Petitioner is cautioned
23 to read and review the differences between a civil rights action and a federal habeas action
24 described above.
25 //

---

[2] The amount of the partial filing fee is equal to 20% of the greater of (a) the average monthly deposits to the prisoner's account for the last six months, or (b) the average monthly balance in the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1).

Petitioner shall take one of these three courses of action within **28 days** of the date this order is filed.  If he fails to do so, this case will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: December 2, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CLOUD,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>  Defendant. | Case No.  16-cv-06100-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 2, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry  Cloud ID: AX8657
California Correction Center
P.O. Box 2400
B yard
Susanville, CA 96127-2400

Dated: December 2, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

5